```
        IN THE UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF OHIO
                  EASTERN DIVISION
```

Debra McGrath,                        :

     Plaintiff,                     :

  v.                                  :        Case No. 2:16-cv-284

                                                     :        JUDGE GEORGE C. SMITH
Nationwide Mutual Insurance                    Magistrate Judge Kemp
Company, et al.,                      :

     Defendants.                    :

<u>ORDER</u>

Plaintiff Debra McGrath filed this action asserting claims for breach of contract, breach of the duty of good faith and fair dealing, fraud, misrepresentation, unjust enrichment, unlawful discrimination, wrongful discharge, and infliction of emotion distress, all arising out of the parties' business arrangement which spanned a number of years and which ended in 2012.  The case was filed in the Court of Common Pleas of Allegheny County, Pennsylvania, removed to the United States District Court for the Western District of Pennsylvania, and ultimately transferred to this Court.

A number of discovery issues arose while the case was pending elsewhere, and a number of discovery-related motions have been filed.  The Court and the parties discussed some of them in a conference held in 2016.  More recently, the parties advised the Court that decisions are still required on two of the issues raised by those motions.  Those issues relate to Ms. McGrath's request for documents contained on the computer of a non-party and to her request for information about people whom she claims to be comparables for purposes of her discrimination claim.  The Court will discuss each of these issues in turn.

                      I.   <u>Richard Marnic's Computer</u>

The issue of Mr. Marnic's computer is raised in Ms.

McGrath's motion to compel discovery (Doc. 69) and the accompanying memorandum (Doc. 70). She characterizes the issue this way.

According to Ms. McGrath, she had asked Nationwide to produce any documents on Mr. Marnic's computer which related either to her or to the allegations in the complaint. Nationwide responded that it produced copies of such documents which resided on its servers, but that it could not produce any documents which were located solely on Mr. Marnic's computer because he was not a Nationwide employee and it had no control over his documents. Ms. McGrath casts doubt on the accuracy of this claim, arguing that Nationwide produced Mr. Marnic for deposition in response to a notice - something it would not ordinarily do for a non-party - and Nationwide's counsel represented him at the deposition. She also points out that in a prior court filing, Nationwide represented that it was searching documents held by various records custodians, and it named Mr. Marnic as one of them. It then produced emails for which he was the "document custodian." Given these facts, she argues that Nationwide cannot credibly claim both that it has no control over him and that it produced documents for which he was the custodian.

In its response, Nationwide repeats its assertion that Mr. Marnic is an independent contractor who owns and operates his own insurance agency. He also owns all of the computers used in his business. It again states that the emails it produced were those which were located in Mr. Marnic's Nationwide email account, and were therefore found on Nationwide's servers, and that nothing about this production proves that it has the ability either produce the computer which Ms. McGrath wants to search or force Mr. Marnic to do so. Nationwide also notes that it would have been a simple matter for Ms. McGrath to send Mr. Marnic a subpoena for his emails but that she never did so. In her reply,

-2-

Ms. McGrath repeats her argument that if Mr. Marnic were not an employee, Nationwide would not have voluntarily produced him for a deposition without the need for a subpoena to be served on him.

Under Fed.R.Civ.P. 34, a party to litigation must produce documents which fall within the permissible scope of discovery, as defined in Rule 26, and over which it has possession, custody, or control.  Those three words each cover somewhat different concepts, but they all focus on whether the responding party has either physical possession of the documents in question or has the legal right to obtain them.  Consequently, "federal courts have consistently held that documents are deemed to be within the 'possession, custody or control' for purposes of Rule 34 if the party has actual possession, custody or control, or has the legal right to obtain the documents on demand."  In re Bankers Trust Co., 61 F.3d 465, 469 (6th Cir. 1995).

Sometimes, the facts relating to who has custody or control of documents create a legal question about who has rights to obtain the documents on demand.  Sometimes, however, the issue is purely factual.  And sometimes it is both.

Here, neither party has presented any facts in support of their position.  Rather, they simply argue either that Mr. Marnic is not a Nationwide employee - a fact which, if true, may not entirely resolve the issue of whether Nationwide can force him to turn over his computer for its inspection - or that he is.  The latter argument appears to be based almost entirely on the fact that Nationwide was able to get Mr. Marnic to sit for a deposition without forcing Ms. McGrath to subpoena him.  That fact does not demonstrate an employment relationship, however; it may simply mean that once the notice was served, Nationwide asked Mr. Marnic if he would appear, and he said yes.

The Court cannot resolve this issue without any evidence at all.  Distinguishing between independent contractors and

employees can be decidedly difficult, even in the context of a full-blown evidentiary hearing.  And even if someone is an independent contractor, there may be a provision in the contract which gives one side or the other rights over information or even devices on which information is stored.  On the current record, it is simply impossible to determine if Nationwide has a legal right to obtain Mr. Marnic's computer or to require him to produce either an image of the information on it or permit Nationwide to do the same.  The simplest solution to this dilemma would, of course, to have been to subpoena the information by use of a subpoena *duces tecum*, and if the parties still disagreed about who should bear the cost of that proceeding, they could have either compromised that issue or chosen to litigate it without having it prevent discovery from moving forward.  Perhaps they still can discuss such a compromise.  In the interim, however, Nationwide's counsel has signed a discovery response certifying that Nationwide does not have possession, custody, or control of Mr. Marnic's computer, and Ms. McGrath has not presented any evidence to the contrary.  Consequently, the Court will deny the motion to compel as filed and on the basis of the present record.

## II.  Form 1099s

As the Court understand it, the second outstanding issue involves Ms. McGrath's request for 1099 forms for "Replacement Agency Executives" in the Western Pennsylvania area for the years from 2007 to 2012.  She argues in her memorandum (Doc. 70) that she needs this information to prove damages on her age discrimination claim.  Nationwide disputes the relevance of these documents, arguing that if both Ms. McGrath and the other similarly-situated individuals were employees, it might be proper for her to compare her compensation to theirs, but since neither she nor the other individuals were Nationwide employees, and

because their business operations and opportunities differed, there is no productive comparison to be made. It also notes that the information being sought is confidential, and that if production of this information is ordered, the agents in question should be given an opportunity to be heard on the issue.

Ms. McGrath's reply (Doc. 73) provides additional information about this request. She argues that because these individuals were given earnings opportunities in her region which she should have been given had Nationwide "lived up to its promises," id. at 4, it is relevant to the damage she suffered. She concedes that the damage experts might debate the probative value of this information, but that is a different argument from whether the information is discoverable.

The Court concludes that the information in question is relevant, at least for discovery purposes, on the issue of damages. The other individuals involved worked in Ms. McGrath's region and held positions similar to hers. Even if they were not salaried employees of Nationwide, and even if there are differences between their businesses and the position which Ms. McGrath claims she should have been offered, the money they earned might shed some light on the earnings potential for the position or positions Ms. McGrath claims an entitlement to. She is correct that the weight of this evidence may be debatable, but that should not prevent her from obtaining it and permitting her expert to determine how much weight to give it in the damages analysis.

Nationwide has raised an issue about confidentiality and suggested that the affected individuals be given an opportunity to be heard before this information is produced. There is a protective order in place, and Ms. McGrath has also indicated that she does not object to the redaction of any information which does not go to the damages issue. When her discovery

requests placed this information at issue, had Nationwide felt obligated to gather input from the individuals in question, it could have done so as part of its response; when the motion to compel was filed, it had an additional opportunity to do that. If, by now, it has not solicited input from these individuals, it bears the burden of that omission.  The Court will not stay or delay its order pending such input.

### III. Order

For the foregoing reasons, the motion to compel (Doc. 69) is granted in part.  Nationwide shall produce the Form 1099s in question within fourteen days, subject to the existing protective order and any redactions to which the parties agree.  Further, the Court understands that Nationwide's motion for a protective order (Doc. 61) is moot and that motion shall be removed from the Court's pending motions list.

### IV. Motion for Reconsideration

Any party may, within fourteen days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 14-01, pt. IV(C)(3)(a).  The motion must specifically designate the order or part in question and the basis for any objection. Responses to objections are due fourteen days after objections are filed and replies by the objecting party are due seven days thereafter.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect even if a motion for reconsideration has been filed unless it is stayed by either the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.3.

<u>/s/ Terence P. Kemp</u>
United States Magistrate Judge